IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Lisa Lovelace, <br><br> *Plaintiff*, <br><br> v. <br><br> Washington Hospital Center Corp., <br> d/b/a MedStar Washington Hospital Center, <br><br> *Defendant.* | Civil No.: 1:19-cv-001154-ESH |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S REQUEST FOR EX PARTE
INTERVIEWS OF PLAINTIFF'S TREATING HEALTH CARE PROVIDERS**

Plaintiff respectfully oppose Defendant's request for a court order authorizing *ex parte* interviews of Plaintiff's treating health care providers, stating as follows:

**I.   BACKGROUND**

On January 26, 2016, Plaintiff was transferred to Defendant's burn intensive care unit (the "**burn ICU**") from Holy Cross Hospital after she was identified as presenting with symptoms of Stephens-Johnson Syndrome. ECF 12 at 4.  At the time, Plaintiff was unable to eat or drink due to oral ulceration and was covered in rashes and blisters across her body. *Id*.  While she was being treated at the burn ICU, Defendant's employees failed to properly treat Plaintiff's eyes, resulting in her total blindness. *Id*.  Plaintiff's subsequent medical care has included treatment from ophthalmologists and rehabilitation counselors.

Without identifying which subsequent treaters the Defendant seeks to contact, what information the Defendant hopes to obtain, or why it might be relevant, the defense has requested a court order to force Plaintiff to allow Defendant to conduct *ex parte* interviews of her physicians. *See Piehl v. Saheta*, No. CCB-13-254, 2013 U.S. Dist. Westlaw 2470128 (citing 45 C.F.R. § 164.512(e)(l)(i) for the principle that "HIPAA clearly requires that **only 'expressly authorized,'**

**limited, and specifically identified protected health information** may be disclosed in judicial proceedings under a court order for *ex parte* communications.").

Plaintiff opposes permitting Defendant unfettered *ex parte* access, and respectfully requests that this Court deny Defendant's motion. Instead, the defense may take depositions or Plaintiff's counsel is willing to consent to informal communications between defense counsel and the Plaintiff's treating physicians provided that Plaintiff's counsel is a participant in the communication. In other words, a simple telephone conference can be held with all parties equally and fairly represented.

## II.    ANALYSIS

Many courts have found that under the confidentiality protections of HIPAA, all *ex parte* communications are precluded. *See discussion*, ECF 29 at 4-10; *see also Crenshaw v. MONY Life Ins. Co.*, 318 F. Supp. 2d 1015, 1029 (S.D. Cal. 2004); *State ex rel Proctor v. Messina*, 320 S.W. 3d 145 (Mo. 2010); *Law v. Zuckerman*, 307 F. Supp. 2d 705, 707 (D. Md. 2004).

Indeed, there is no "case law or HIPAA provision establishing that Defendant is *entitled* to conduct *ex parte* interviews." *Lovecchio v. Washington Metro. Area Transit Auth.*, 319 F. Supp. 3d 262, 264 (D.D.C. 2018) (emphasis in original). Where *ex parte* interviews have been permitted in this District, the court has strictly required a showing of "good cause." *See Lovecchio*, 319 F. Supp. 3d at 265 ("[t]he 'good cause' standard for a discovery protective order under Federal Rule of Civil Procedure 26(c) may be most analogous to this circumstance.").

Defendant's attempt to demonstrate good cause boils down to two claims: (1) *ex parte* interviews "place Defendant on the same footing as Plaintiff," permitting Defendant to "investigate and formulate their defense outside the presence of Plaintiff's counsel," and (2) depositions "pose a considerable burden." ECF 30 at 4-5.

The District of Maryland has addressed the Defendant's first argument, finding it utterly unpersuasive:

> HIPAA's restrictions on ex parte communications do not create as uneven a playing field as [the Defendant] contends, as, under HIPAA, defendants can still have access to information through formal discovery requests. Thus, while HIPAA restricts opportunities for ex parte communications, it does not actually limit a defendant's ability to obtain protected information because formal discovery is still readily available. [Defendant's] contention that he should be allowed unlimited access to all of Mr. Piehl's medical history simply because the Plaintiffs have such access is unpersuasive.

*Piehl v. Saheta*, No. CCB-13-254 (D. Md. June 5, 2013); *see also, Lopez-Krist v. Salvagno, M.D., et al.*, No. 1:12-cv-01116 (D. Md. March 1, 2013) (*quoting Washington v. Tramontana*, No. OWG-04-1144 (D. Md. Oct. 27, 2004) ("[A]n unparticularized desire to 'level the playing field' ... [is] insufficient to warrant the relief requested, which is extremely broad and potentially highly invasive."); *Washington v. Tramontana*, No. OWG-04-1144 (D. Md. Oct. 27, 2004) (same).

As for Defendant's second claim, that depositions "pose a considerable burden" (ECF 30 at 4-5), the defense ignores the offer of Plaintiff's counsel to participate in joint telephone calls with any treating physicians with whom the defense wishes to speak.  This compromise has been accepted as more than sufficient by other courts.  *See, e.g., Mitchell v. Richard J. Falk, M.D., et al.*, No. 2004 CA 0261 (D.C. Super. July 23, 2004) (Kravitz, N.) (**"Particularly in light of plaintiff's standing offer to arrange informal interviews of her treating physicians to occur in her lawyer's presence, the Court is not inclined to require anything further."**).

Furthermore, as to both the claims made by the defense, neither is a showing of good cause particularized to this case.  If a general hope to "ease the burden" of depositions or have total access to treating physicians were sufficient, then access would be granted in all cases routinely.  But, instead, particularized good cause is required.  Indeed, in denying a similar blanket request, the Honorable Robert L. Wilkins formerly of this Court (now the DC Circuit Court of Appeals) relied on the reasoning in *Jeffares, et al. v. Kheiri, et al.* U.S. Dist. Ct. Md. Case No. L-07-1923.  *See*

3

*Bigelow v. Washington Hospital Center*, U.S. District Ct. D.C. Case No 10-cv-01471 (Judge Wilkins) (Minute Order: re 47). The order cited by Judge Wilkins of this Court provided that, "The motion is without support in law and defendants have failed to demonstrate good cause for why traditional discovery methods are unworkable." *Jeffares, et al. v. Kheiri, et al.*, U.S. Dist. Ct. Md. Case No. L-07-1923.

The *Jeffares* opinion was again relied upon by another judge of this Court, the Honorable Emmet G. Sullivan, in a Minute Order dated February 21, 2013, in the case of *Williams v. Providence Hosp., Inc*. No. 1:11-cv-012229. In that case, the defendant's request for *ex parte* communications with plaintiff's healthcare providers was also denied. *Id*.

The *Jeffares* standard requires a particularized showing why "traditional discovery methods are unworkable." *Id*. The defense has offered no such showing and, after all, "[f]ormal discovery, on the record, with notice and opportunity to other parties to be present and to participate in the proceedings, is simply the fairest and most satisfactory means of obtaining discovery from a treating physician." *Doe v. City of Chicago*, 1998 WL 386352, at * 3 (N.D. Ill. July 7, 1998); s*ee Piehl v. Saheta*, No. CCB-13-254 (D. Md. June 5, 2013) ("while HIPAA restricts opportunities for *ex parte* communications, it does not actually limit a defendant's ability to obtain protected information because formal discovery is still readily available.").

Judge Wilkins and Judge Sullivan are not alone in this District in denying access to private health care information without a showing of good cause. *See Aisenbrey v. Medstar Health*, U.S. Dist. Ct. Case No. 1:04-cv-00089 (Honorable Judge Paul L. Friedman denying a nearly identical request for *ex parte* communications with plaintiff's health care providers); *Bagley v. Scott*, U.S. Dist. Ct. Case No. 1:09-cv-00382 (defendant's motion for *ex parte* communication denied).

In the sole case from this court cited by the defense, allowing for *ex parte* communications, the court was careful to limit contacts to "the purpose of narrowing the list of Plaintiff's medical

providers whom Defendant will seek to depose, and/or the issues which any depositions will cover," and the court provided that, "[e]ach medical provider whom Defendant wants to interview must be provided a copy of this Memorandum Opinion and Order, as well as the accompanying Protective Order," and that "the medical providers may choose whether to consent to an interview and whether to have their own counsel and/or Plaintiff or his counsel present during any such interview." *Lovecchio v. WMATA*, 319 F. Supp. 3d 262, 266 (D.D.C. 2018). The defense fails to seek any such limitations.

*Lovecchio* is readily distinguishable from the present case because, in that case, the plaintiff had apparently listed 31 treaters as witnesses without distinguishing which witness might be called at trial. Here, the Plaintiff will call no more than three of the subsequent treaters on Defendant's list. This renders the need for *ex parte* interviews of multiple potential witnesses unnecessary.

Defendant misunderstands Plaintiff's concern that permitting *ex parte* contact would damage the physician/patient relationship—Defendant argues that if an informal call would disrupt the relationship, then a formal deposition would as well, given the inconvenience to the doctor. ECF 30 at 6. But Plaintiff's concern is related to the *nature* of the communication, not the *method*. The physician/patient bond is characterized by trust that a physician will act in the patient's best interest, and requiring a physician to go far beyond handing over copies of records to discuss Defendant's *legal theories* will certainly damage that relationship. ECF 30 at 4.

Finally, all medical records from the treaters at issue have been produced and the defense is able to note the deposition of any physician whose records raise an issue the defense wishes to explore. Defendant has scheduled the deposition of one such treater, Dr. C. Stephen Foster, for May 29, 2020 via WebEx, without facing any scheduling issues or other "restrictions associated with COVID-19." ECF 30 at 5. Defendant is capable of deposing Plaintiff's other treating physicians in a similar manner.

Respectfully submitted,

HANSEL LAW, PC

/s/ Cary J. Hansel
Cary J. Hansel (Bar No. 14722)
2514 North Charles Street
Baltimore, MD 21218
Phone: 301-461-1040
Fax: 443-451-8606
cary@hansellaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2020, I caused the foregoing to be filed via the Court's electronic filing system, causing service on all parties.

/s/ Cary J. Hansel
Cary J. Hansel