# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA LOVELACE, | : |
| Plaintiff | : |
| v. | : Civil Action No. 19-CV-001154-RCL |
| WASHINGTON HOSPITAL CENTER CORPORATION, d/b/a, MEDSTAR WASHINGTON HOSPITAL CENTER, | : |
| Defendant. | : |

## DEFENDANT'S MOTION *IN LIMINE* ON MEDICARE WRITE-OFFS

Defendant Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center, by and through its attorneys, hereby files this Motion *in Limine* on Medicare write-offs. In support of its motion, the defendant refers the Court to the statement of points & authorities attached hereto and incorporated herein by reference.

Respectfully submitted,

**GLEASON, FLYNN, EMIG & McAFEE, CHARTERED**

    /s/ Andrew J. Spence
Larry D. McAfee, Esquire (Bar No. 57226)
lmcafee@gleason-law.com
Andrew J. Spence, Esquire (Bar No. 421341)
aspence@gleason-law.com
11 North Washington Street, Suite 400
Rockville, Maryland 20850
301-294-2110 Phone/301-294-0737 Facsimile
*Counsel for Defendant Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center*

## CERTIFICATION PURSUANT TO LOCAL RULE 7(m)

Pursuant to Rule 7(m) of the Local Rules for the United Stated District Court for the District of Columbia, undersigned counsel represents that he contacted counsel for the plaintiff in attempt to obtain consent to the relief requested by this motion or to narrow the issues. Undersigned counsel represents that such efforts were unsuccessful and therefore, this motion is opposed.

                                                */s/ Andrew J. Spence*
                                                Andrew J. Spence

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rdh day of October, 2022, a copy of the foregoing Motion *in Limine* was served by electronic and first class mail, postage prepaid, on:

Cary J. Hansel, Esquire
Hansel Law, P.C.
2514 N. Charles Street
Baltimore, Maryland 21218
*Counsel for Plaintiff*

                                                */s/ Andrew J. Spence*
                                                Andrew J. Spence

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LISA LOVELACE, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action No. 19-CV-001154-RCL |
| | : | |
| WASHINGTON HOSPITAL CENTER | : | |
| CORPORATION, d/b/a, MEDSTAR | : | |
| WASHINGTON HOSPITAL CENTER, | : | |
| | : | |
| Defendant. | | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* ON MEDICARE WRITE-OFFS**

Defendant Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center, by and through their attorneys, respectfully submits this memorandum of points and authorities in support of defendant's opposition to plaintiff's motion in *limine* on Medicare write-offs.

**I.  FACTUAL BACKGROUND**

During her deposition, Ms. Lovelace testified that she received her insurance benefits through Medicare. Ex. 1, Lovelace Dep. Tr., at 141:10 – 142:19. Although defendant has not yet received bills evidencing either the lien or set-off amounts from plaintiff, typically, a large discrepancy exists between the billed amounts and the amounts actually paid by Medicare. Because Ms. Lovelace herself was never liable for any amounts that Medicare required her health care providers to write off, she should not be able to pursue any amount of medical bills not actually paid or owed by her or on her behalf.

**II.  ARGUMENT**

The Court should limit plaintiff to introducing medical bills representing only the amounts paid by Medicare for the relevant medical treatment rendered to Ms. Lovelace and not the total

amounts charged prior to write-offs required by the health care providers' acceptance of Medicare. This federal district court ruled previously that any recovery shall be limited to those amounts actually paid by another governmental health insurance entity, Medicaid, as to a private defendant. *Rice v. District of Columbia*, 774 F.Supp.2d 25, 29-31 (D.D.C. 2011) (also explaining the difference between the application of the analysis as to the government as a defendant and a private defendant). Citing *Hardi v. Mezzanotte,* 818 A.2d 974 (D.C. 2004) and addressing first the defendant District of Columbia, Judge Collyer explained that where Medicaid paid the plaintiff's medical bills, the medical bills did not represent expenses actually incurred by the plaintiff. 774 F.Supp.2d at 29 (internal citations omitted). The Court reasoned, therefore, that "Presenting these bills to the jury as if Plaintiff were responsible himself for their payment invites confusion and a potentially erroneous verdict." *Id.*

Turning to the private defendants, more similarly situated to the private defendant MWHC, the Court recognized that a different analysis applied to the private defendants. Consequently, the Court ruled, "Plaintiff may recover from the Officers (and not from the District) *what Medicaid paid* and no more." 774 F.Supp.2d at 30-31 (emphasis in original). In support of this finding, Judge Collyer reasoned:

> [A] plaintiff may not recover amounts in excess of what Medicaid paid; a plaintiff cannot recover for charges written off by medical providers. The collateral source rule does not apply to write off amounts because the plaintiff is not personally liable for such amounts and "did not incur the Medicaid discount."

774 Supp.2d at 30 (quoting *McAmis*, *supra*) at 184-85. The same reasoning applies to this case. Because Ms. Lovelace never owed any of the amounts written off in her medical bills to anyone, the written-off amounts do not qualify as compensatory damages.

4

## III. CONCLUSION

This jurisdiction has concluded that the collateral source rule does not permit plaintiffs to submit written off portions of their medical bills as though they were incurred damages. Plaintiff is not, and never was, obligated to pay the total charges. Thus, to hold defendants potentially liable for the unreduced charges would allow plaintiff to recover funds as reimbursement for expenses for which neither she nor any third party was ever liable. For the foregoing reasons, defendant MWHC respectfully requests that Court grant its motion *in limine* on Medicare write-offs and limit plaintiff's evidence of accrued medical expenses to the amounts actually paid by her or on her behalf

Respectfully submitted,

**GLEASON, FLYNN, EMIG & MCAFEE, CHARTERED**

    */s/ Andrew J. Spence*
Larry D. McAfee, Esquire (Bar No. 57226)
lmcafee@gleason-law.com
Andrew J. Spence, Esquire (Bar No. 421341)
aspence@gleason-law.com
11 North Washington Street, Suite 400
Rockville, Maryland 20850
301-294-2110 Phone/301-294-0737 Facsimile
*Counsel for Defendant Washington Hospital Center Corporation d/b/a MedStar Washington Hospital Center*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on this 3$^{rdh}$ day of October, 2022, a copy of the foregoing Motion *in Limine* was served by electronic and first class mail, postage prepaid, on:

Cary J. Hansel, Esquire
Hansel Law, P.C.
2514 N. Charles Street
Baltimore, Maryland 21218
*Counsel for Plaintiff*

                */s/ Andrew J. Spence*
                Andrew J. Spence