IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LISA LOVELACE,<br><br>*Plaintiff*<br><br>v.<br><br>WASHINGTON HOSPITAL CENTER CORP., d/b/a MEDSTAR WASHINGTON HOSPITAL CENTER,<br><br>*Defendant* | Case No. 1:19-CV-001154 RCL |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION *IN LIMINE* ON MEDICARE WRITE-OFFS**

COMES NOW the Plaintiff, by and through undersigned counsel, and respectfully files this Opposition to Defendant Washington Hospital Center Corporation (d/b/a Medstar Washington Hospital Center)'s Motion *in Limine* on Medicare Write-Offs, stating as follows:

## I. INTRODUCTION

Defendant Washington Hospital Center Corporation (d/b/a Medstar Washington Hospital Center) has filed a motion requesting this Court limit the introduction of medical bills paid by Medicare and exclude the total amount charged prior to write-offs required by the healthcare providers' acceptance of Medicare. Def. Mot. Lim.[1] In support of this motion, Defendant claims the collateral source rule is inapplicable and, therefore, Plaintiff should not be permitted to submit written-off portions of her medical bills for damages incurred. *Id.* The Defendant relies on an inapplicable legal standard in its argument because the collateral source rule applies.

---

[1] Defendant's Motion *in Limine* on Medicare Write-Offs ("Def. Mot. Lim").

1

Plaintiff should be permitted to submit the total amount charged in medical bills prior to such write-offs.

## II.    FACTUAL BACKGROUND

This matter arises out of Plaintiff's emergency visit to Washington Hospital Center on January 25, 2016. Pl.'s Compl. at ¶¶ 16-17. Plaintiff was presenting with symptoms of Stephens-Johnson Syndrome, such as fever, rash, blisters, ulcerations, and inability to eat or drink due to oral ulceration. *Id.* at ¶¶ 18-19. She presented with bilateral ocular involvement, with pain and conjunctivitis in both eyes. *Id* at ¶ 20. Plaintiff's healthcare providers failed to provide proper treatment to Plaintiff's eyes in accordance with national standards. *Id.* at ¶ 22. As a result of this negligence, Plaintiff permanently lost her vision. *Id.* at ¶ 23.

Defendant now moves to bar Plaintiff from submitting all medical bills prior to Medicare write-offs. For the reasons set forth herein, Defendant's motion should be denied.

## III.    LEGAL STANDARD

The collateral source rule states, "[a]n injured person may usually recover in full from a wrongdoer regardless of anything he may get from a collateral source unconnected with the wrongdoer." *D.C. v. Jackson*, 451 A.2d 867, 870 (D.C. 1982) (citing *Hudson v. Lazarus*, 217 F.2d 344, 346 (D.C. Cir. 1954)). The collateral source rule is applied when the source of the benefit is not connected in any way with the tortfeasor. *D.C. v. Jackson*, 451 A.2d 867, 871 (D.C. 1982).

The District of Columbia Court of Appeals holds that "[t]he collateral source rule is applicable when either: (1) a payment to the injured party came from a source wholly independent of the tortfeasor, or (2) when the plaintiff may be said to have contracted for the

prospect of a double recovery." *Hardi v. Mezzaotte,* 818 A.2d 974 at 984 (D.C. 2003) (citation omitted); *Calva-Cerqueira v. United States*, 281 F. Supp. 2d 279, 295 (D.D.C. 2003).

IV. **ARGUMENT**

1. **Defendant's Argument Rests on an Inapplicable Legal Standard**

The Defense relies on *Rice v. District of Columbia* in arguing that recovery for Plaintiff should be limited to the actual amounts paid by Medicare and that the collateral source rule should not apply. 774 F.Supp.2d 25 (D.D.C. 2011); Def. Mot. Lim. *Rice* addresses the applicability of the collateral source rule <u>when the Defendant is the government</u>, and the collateral source is Medicaid, a federally funded program. *Id.* In *Rice,* the Defendant was the District of Columbia, and the collateral source was Medicaid. Because the Defendant itself funded the collateral source through a federally funded program, it could not be considered independent of the tortfeasor. In contrast to *Rice,* the Defendant in this matter is a private entity wholly unrelated to the collateral source at issue, Medicare. Thus, *Rice* is the inappropriate legal standard to rely on in this circumstance.

2. **The Collateral Source Rule Applies**

In this case, Plaintiff's situation falls squarely into the first test for collateral source rule applicability. *See supra* Part III. Payment to Plaintiff comes from a source wholly independent to Defendant as Medicare is a completely independent entity unrelated to Defendant, a private hospital. Therefore, the collateral source rule applies as Medicare is considered a collateral source. As a result, payments to the injured party (plaintiff here) from a collateral source (Medicare) are not permitted to diminish damages recoverable from the wrongdoer (defendant here). *District of Columbia v. Jackson,* 451 A.2d 867, 870 (D.C.1982).

From a purely public policy standpoint, the interests of society are better served when the injured person benefits more than if the wrongdoer benefits. *Hudson v. Lazarus*, 217 F.2d 344, 346 (D.C. Cir. 1954). Thus, it is in the best interest of society to permit Plaintiff to submit the total medical bills incurred to enhance the benefit of the injured person rather than if the wrongdoer benefits.

Medicare is independent from Defendant, and therefore the collateral source rule applies in this instance. Plaintiff should be entitled to introduce medical bills representing the total amounts charged prior to write-offs by her healthcare providers' acceptance of Medicare.

## V. CONCLUSION

This jurisdiction permits the Plaintiff to submit the total medical bills incurred prior to write-offs under the collateral source rule. Because the collateral source is applicable, the Court should not limit Plaintiff to introducing medical bills representing only the amounts paid by Medicare for the relevant medical treatment rendered to Plaintiff. The Court should allow Plaintiff to introduce the total amounts charged prior to write-offs by the healthcare providers' acceptance of Medicare as it is in the best interests of society. For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion *in Limine.*

Respectfully submitted,

HANSEL LAW, PC

*/s/ Cary Hansel*
Cary J. Hansel (Bar No.: 14722)
cary@hansellaw.com
2514 North Charles Street
Baltimore, Maryland 21218
T: 301-461-1040
F: 443-451-8606
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of October, 2022, I caused the foregoing to be filed with the Court's electronic filing system, which will effect service on all parties so entitled.

*/s/ Cary Hansel*
Cary J. Hansel