IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LISA LOVELACE,

    *Plaintiff*

v.

WASHINGTON HOSPITAL CENTER
CORP., d/b/a MEDSTAR
WASHINGTON HOSPITAL CENTER,

    *Defendant*

Case No. 1:19-CV-001154 RCL

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* REGARDING THE GOLDEN RULE AND REPTILIAN METHOD

COMES NOW the Plaintiff, by and through undersigned counsel, and respectfully files this Opposition to Defendant Washington Hospital Center Corporation (d/b/a Medstar Washington Hospital Center)'s Motion *in Limine* Regarding the Golden Rule and Reptilian Method, stating as follows:

1) The undersigned has no intentions of making a "golden rule" argument in which jurors are asked to imagine themselves personally in the place of the victim here. As a result, this portion of the defense motion should be denied as moot.

2) As for the balance of the defense motion, the undersigned has neither read the "Reptile" book that has defense counsel so concerned nor attended any related seminars under the presumption that if such faddish techniques were so successful, their advocates would be trying cases instead of putting on seminars and selling books.

3) Nevertheless, the undersigned objects to any order precluding whatever is meant by the "Reptilian Method" because there is no support in the rules or case law for such an order and, *more importantly*, no clear definition of what is to be precluded.

1

3) The defense motion variously refers to "rhetorical devices, oratorical embellishments, and metaphorical nuances," as well as a wide range of other common communication methods. An order precluding the "Reptilian Method" as so broadly *ill*-defined by the defense risks being so vague as to preclude either everything or nothing at all. Compliance with such an ambiguous order would unfairly hamstring any reasonable lawyer attempting to fairly communicate with a jury. In fact, this appears to be the goal of the motion.

4) The Court need not wrestle long with this matter, however, because the defense cites *not a single case* in which the "Reptilian Method" has been precluded. As this part of the motion is utterly devoid of any precedential support, and given that the defense bears the burden of providing support for its motion, the motion should be denied.

5) Not surprisingly, given the lack of any authority cited by the defense, *all* of the available federal authorities favor denying motions to preclude the "Reptile" approach. *See, e.g., Baxter v. Anderson*, 277 F. Supp. 3d 860, 862 (M.D. La. 2017) (denying a motion to preclude "Reptile" arguments in part based on the following: "How can," Plaintiff asks rhetorically, "[D]efendants[ ] reasonably request that this court parse and define every sentence, question, line of testimony or argument as being 'reptilian' or something else?"); *Hensley v. Methodist Healthcare Hosps.*, 2015 WL 5076982, at *4–5 (W.D. Tenn. Aug. 27, 2015) (denying "Reptile Theory" motion because "Defendants have again not identified the specific evidence that is sought to be excluded."); *Jackson v. Asplundh Constr. Corp.*, 2016 WL 5941937, at *1 (E.D. Mo. Oct. 13, 2016) (declining to issue ruling on motion based on the "reptile theory"); *Cameron v. Werner Enterprises, Inc.*, 2016 WL 3030181, at *5 (S.D. Miss. May 25, 2016) (declining to issue ruling on motion based on reptilian theory because it was too "hypothetical"); *Bunch v. Pac. Cycle, Inc.*, 2015 WL 11622952, at *2 (N.D. Ga. Apr. 27, 2015) (rejecting reptile theory

motion because it was "overbroad"); *Turner v. Salem*, 2016 WL 4083225, at *3 (W.D.N.C. July 29, 2016) (denying a motion based on the reptile theory); *Aidini v. Costco Wholesale Corp.*, No. 215CV00505APGGWF, 2017 WL 10775082, at *1 (D. Nev. Apr. 12, 2017) ("Costco's arguments about the reptilian theory fail. Federal courts have hissed at motions based on this theory that seek a broad prospective order untethered to any specific statements the other side will make.").

6) Multiple trial courts have denied motions to preclude "Reptile" arguments on the same grounds raised by the Plaintiff here:

> Defendants give the Court nothing objective to consider in deciding what language, phrases or evidence the Court should deem improper. Defendants complain about amorphous and ill-defined concepts rather than specific evidence which they believe Plaintiff will introduce or arguments which they believe Plaintiff might make. The Court is being asked to rule on abstract and generalized hypotheticals. In the absence of something more specific, the Court is unable and unwilling to grant their motion.

*Gannon v. Menard, Inc.*, No. 118CV00251JMSMJD, 2019 WL 7584294, at *5 (S.D. Ind. Aug. 26, 2019) (*citing Baxter v. Anderson*, 277 F. Supp. 3d 860, 863 (M.D. La. 2017); *see also Walden v. Md. Casualty Co.*, 2018 WL 6445549, *3 (D. Mont. 2018) ("The Court denies the motion as to the so-called reptile theory. The Court will not categorically prohibit a form of trial strategy, particularly given the absence of any reason to believe that reptile theory is likely to rear its head here (or that the Court would be able to identify it if it did)."); *Dorman v. Anne Arundel Med. Ctr.*, 2018 WL 2431859, *6 (D. Md. 2018) ("[T]his motion is premature and presents vague challenges to Plaintiffs' style of argument rather than to any evidence that Plaintiffs intend to introduce. At this time, the Court does not find a need to classify any potential future argument as 'reptilian' or inappropriate, especially because counsel's arguments to the jury are permitted a significant degree of latitude."); *Bunch v. Pacific Cycle, Inc.*, 2015

WL 11622952, *2 (N.D. Ga. 2015) ("To the extent that Defendant seeks to preclude Plaintiffs from engaging in the 'Reptile' tactics, this request is unnecessary and overly broad."); *Manion v. Ameri-Can Freight Sys. Inc.*, 2019 WL 3718951, at *6-7 (D. Ariz. Aug. 7, 2019).

7) Certainly, defense counsel would have searched legal databases for these sorts of "Reptile" rulings, but defense counsel failed to bring to the Court's attention the fact that its arguments have been universally rejected by courts across the country.

8) In any event, the defense motion has no support in the relevant caselaw, all of which runs to the contrary. Further, an order of the type sought by the defense would be overly restrictive and/or impossible to follow or enforce due to the nebulous and ambiguous nature of the Defendant's purported concerns.

WHEREFORE, the Defendant's motion should be denied.

Respectfully submitted,

HANSEL LAW, PC

*/s/ Cary Hansel*
Cary J. Hansel (Bar No.: 14722)
cary@hansellaw.com
2514 North Charles Street
Baltimore, Maryland 21218
T: 301-461-1040
F: 443-451-8606
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 17th day of October, 2022, I caused the foregoing to be filed with the Court's electronic filing system, which will effect service on all parties so entitled.

*/s/ Cary Hansel*
Cary J. Hansel

4